UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00089

**Ronald Dean Barton,**
*Plaintiff,*

v.

**Commissioner, Social Security Administration,**
*Defendant.*

# ORDER

Plaintiff Ronald Dean Barton filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision to deny social security benefits. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3.

On May 31, 2022, the magistrate judge issued a report recommending that the Commissioner's decision be affirmed and the case dismissed with prejudice. Doc. 21. Plaintiff submitted objections on June 14, 2022. Doc. 22. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

Plaintiff argues that the ALJ did not adequately address Dr. Kadakia's medical opinion or make any effort to contact him for clarification. Doc. 22. Plaintiff submits that the ALJ speculated as to his residual functional capacity and that the evidence does not support a finding that he can stand and walk for six hours without interruption or work on a regular and continuing basis. *Id.*

The ALJ gave no weight to Dr. Kadakia's opinion for the time period prior to the date last insured for disability insurance benefits, as it would be mere speculation of plaintiff's past condition. For purposes of plaintiff's supplemental security income application seeking benefits as of the alleged disability onset date, the ALJ gave partial weight to Dr. Kadakia's opinion. The ALJ accepted Dr. Kadakia's opinion to the extent it was based on his objective

examination and was consistent with a light residual functional capacity. He explained that he gave less weight to Dr. Kadakia's opinion providing more restrictive standing, walking, and sitting limitations because it is inconsistent with examination records showing full strength and a steady gait with no assistive device. Doc. 15-2 at 20.

The ALJ expressly considered plaintiff's extensive surgical history, together with evidence of improved symptoms, objective evidence of successful fusions, daily activities inconsistent with disability, and examination findings of full strength, intact sensation, and a normal gait. The ALJ reasoned that a modified light residual functional capacity adequately accommodates evidence of back surgeries, bouts of reduced strength, limited range of motion, reduced grip strength, degeneration of the spine, bouts of positive straight leg raises, obesity, shoulder degeneration, pain with range of motion, and tenderness to palpation. Doc. 15-2 at 19–21. Contrary to plaintiff's objection, the ALJ appropriately evaluated Dr. Kadakia's opinion and relied on objective medical evidence in combination with plaintiff's subjective statements to evaluate his residual functional capacity. The ALJ's residual functional capacity finding is supported by substantial evidence.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. The court affirms the Commissioner's final administrative decision and dismisses this action with prejudice. Any pending motions are denied as moot.

*So ordered by the court on July 12, 2022.*

J. CAMPBELL BARKER
United States District Judge